## Commonwealth v. Louisville & Interurban Railway Company.

(Decided December 14, 1920.)

### Appeal from Oldham Circuit Court.

1. Railroads—Water Closets—Locks.—It is just as necessary for a railroad company to furnish its patrons with the means of entering a water closet as it is to furnish the water closet itself; and though it may keep the closet locked it should see that the keys are accessible. To that end it may leave the keys with the agent when there, but when he is not there, the keys should be left in an exposed place where they may be readily seen and obtained by patrons having occasion to use the closet.

2. Railroads—Water Closets—Criminal Prosecution—Extent of Proof—Question for Jury.—To authorize the submission of the

case to the jury, it is necessary in a criminal prosecution under section 772, Kentucky Statutes, to show to the exclusion of a reasonable doubt that a water closet otherwise suitable and convenient was kept locked and that the keys thereto were not accessible to the patrons.

3.   Railroads—Water Closets—Criminal Prosecution—Question for Jury—Sufficiency of Evidence That Keys to Water Closet Were Not Accessible.—In prosecution under 772, Kentucky Statutes, evidence that the keys were inaccessible to patrons held insufficient to take case to the jury.

CHARLES I. DAWSON, Attorney General, CHARLES H. MORRIS, Ex-Attorney General, C. H. SANFORD and J. BALLARD CLARK for appellant.

WILLIS, TODD & BOND for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Affirming.

The Louisville and Interurban Railway Company was indicted under section 772, Kentucky Statutes, for the offense of failing to maintain at its station in LaGrange a suitable and convenient water closet.

A trial before a jury resulted in the imposition of a fine of $100.00. On appeal the court held that the water closet was suitable and convenient and that the evidence as to when the closet was locked and of the inaccessibility to the patrons of the keys thereto was insufficient to take the case to the jury, and reversed the judgment with directions for a peremptory if the evidence on another trial was substantially the same. Louisville & Interurban Ry. Co. v. Commonwealth, 180 Ky. 843, 203 S. W. 717. At the conclusion of the evidence for the Commonwealth on the second trial, the court directed a verdict in favor of the company, and the Commonwealth appeals.

It was shown on the last trial that the company ran its cars every hour until after midnight, and that the agent left the station at six o'clock p. m. After that time the compartment for men was unlocked, but the compartment for women was locked. Dr. Connell testified that on one occasion covered by the indictment he asked the agent for the key, and the agent reached around on the wall and got it, and this occurred inside the station. Judge Morris, another witness, testified that the company did not have the key where it could be seen, but a question by the court elicited the information that the witness

had never had occasion to ascertain where the key was prior to the return of the indictment.

It is just as necessary for a railroad company to furnish its patrons with the means of entering the water closet as it is to furnish the water closet itself. Hence though the company has the right to keep the closet locked it should see that the keys thereto are accessible, and to that end, it may leave the keys with the agent when he is there, but when he is not there, the keys should be put in an exposed place so that they may be readily seen and obtained by those patrons having occasion to use the closet.

In order to authorize the submission of the case to the jury, it was necessary for the Commonwealth to show to the exclusion of a reasonable doubt not only that the closet in question was kept locked but that the keys were not accessible to the patrons as above set out. The evience of Dr. Connell shows that on the occasion he needed the key, it was furnished to him by the agent. That being true, his evidence did not show that the key was inaccessible. The statement of Judge Morris that the company did not have the key where it could be seen in the absence of the agent, would have been sufficient to take the case to the jury if it had also been shown that his evidence related to the time covered by the indictment, but clearly it was not sufficient for that purpose when it was made to appear that it related to another time.

It follows that the court did not err in directing a verdict of acquittal.

Judgment affirmed.